CJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 29 2005
MAR 29 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| SHAHEED MUHAMMAD (#B-67134), | |
| Plaintiff, | |
| v. | Case No. 05 C 1580 |
| IDOC DIRECTOR ROGER WALKER, et al., | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues the Director of the Illinois Department of Corrections and the Illinois Prisoner Review Board, claiming that his "out date" has been repeatedly miscalculated and that he is being held past the expiration of his sentence.

### I. DISCUSSION

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the plaintiff's motion to proceed *in forma pauperis* is granted. Because the plaintiff has a negative account balance, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income

credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $250 filing fee is paid. *Id.* Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

Nevertheless, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds as a matter of law that the complaint fails to state an actionable claim under 42 U.S.C. § 1983.

It is questionable whether venue exists in this district. The plaintiff is confined in the Southern Illinois federal judicial district and sues defendants located in the Central Illinois judicial district. But the court will not transfer a patently frivolous case. The complaint seeks relief sounding in habeas, which is not a proper remedy in a civil rights action. The court cannot grant habeas relief in the context of a civil rights action. *See, e.g., Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986)(per

curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A prisoner claiming that he is entitled to an immediate or more speedy release from his incarceration must seek federal court relief by way of a petition for a writ of habeas corpus. *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996). In this case, the plaintiff specifically seeks "to be released from the Illinois Department of Corrections," as well as damages for each day he has been held purportedly past his maximum out date. A finding that the plaintiff is being held past his out date would necessarily call into question the validity of his continued confinement.

The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Before deciding whether to pursue habeas relief, the plaintiff is cautioned to conduct some preliminary research, particularly concerning the requirement that a petitioner completely exhaust state court remedies prior to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Greene v. Meese*, 876 F.2d 639, 640 (7th Cir. 1989).

For the foregoing reasons, this suit is dismissed for failure to state a colorable cause of action under 42 U.S.C. § 1983. The

dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court or under federal habeas law. In light of the court's finding that the plaintiff has failed to articulate a viable civil rights action, the court need not address such issues as quasi-judicial immunity or whether the plaintiff has named the proper defendants.

The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a final concern, the court notes that the plaintiff ignored the court's directives regarding previous litigation. The plaintiff states on the complaint that he has filed only one prior

federal lawsuit. However, a review of the U.S. Party-Case Index reveals that the plaintiff has filed at least four prior actions in this district alone, aside from suits he may have brought in other district or state courts. The court's civil rights complaint form expressly directed the plaintiff to "List **ALL** lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint form, p. 4; emphasis in original.) The form specifically warns, "**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.**" (*Id.*)(emphasis in original).

Despite the court's admonitions, the plaintiff failed to mention most of his prior lawsuits. The plaintiff's omissions suggest possible fraud on the court, which generally must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The plaintiff's omission is a non-issue in this case since the complaint is being dismissed anyway on substantive grounds. However, the plaintiff is cautioned in the future to be very careful, thorough, and honest when submitting documents to the court. *See* Fed. R. Civ. P. 11 and its provisions concerning sanctions.

## II. CONCLUSION

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable civil rights claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 29, 2005